## QUESTIONS IN A SUIT TO CONTEST A WILL.

[Circuit Court of Hamilton County.]

FRANK SCHOCH ET AL V. JULIUS SCHOCH ET AL.

Decided March, 1905.

*Wills—Charge of Court—Belief of Testatrix in Spiritualism—Evidence—Where Incompetent but not Prejudicial.*

1. In a suit to contest a will, it is not error to refuse to give a special charge to the effect that the fact of the testatrix's belief in spiritualism does not afford ground for setting the will aside, where the charge as requested does not embrace all the facts brought out at the trial concerning the belief and practice of spiritualism by the testatrix.

2. An exception to the admission of evidence will not avail on review, where it relates to the mode or order of proof rather than to the substance, and the plaintiff in error was not prejudiced thereby.

3. Declarations of a witness which tend to show the state of mind of the witness, and which afford circumstantial evidence of her purpose and design in treating the testatrix as she did in her last illness with apparent kindness and affection, are admissible.

GIFFEN, J.; JELKE, J., and SWING, J., concur.

This was an action to set aside a will upon the grounds that the testatrix was not of sound mind and memory, and was unduly influenced.

The jury returned a verdict finding that the paper writing purporting to be the last will and testament of Mary Schoch, deceased, was not the valid last will and testament of the said Mary Schoch.

The judgment rendered upon this verdict is now sought to be reversed for the alleged error of the court in refusing to give the following special charge at the request of the plaintiffs in error:

"I charge you, that even if you should find from the evidence that Mary Schoch, deceased, during her lifetime was a believer in spiritualism, and did believe during her lifetime that she could have communication with spirits in the other world, that this would be no ground for the setting aside of her wishes in making a distribution of her property in her last will and testament."

The objection to this charge is that it does not embrace all the facts brought out at the trial concerning the belief and practice of spiritualism by the testator, nor was there any pretense on the part of the defendants in error that any or all of the facts concerning spiritualism proved at the trial constituted the only ground for setting aside the will.

The charge, therefore, if given, would have been misleading, and we find no error in the refusal of the court to give the same to the jury.

It is also claimed that the court erred in its general charge and its comments upon the special written instructions given to the jury before argument, but no objection was interposed at the time and upon the whole record we think no prejudicial error resulted.

The next alleged error appears on pages 87 and 88 of the bill of exceptions. Barbara Deckham was permitted to testify over the objection of counsel for plaintiffs in error to declarations made to her by Lena Schoch, the wife of Frank Schoch, one of the plaintiffs in error: "I was up there and I told the old lady what I think of her before she croaked." And, "Well, she won't eat a meal at my place; because if she had one she never would eat another." Also, "If I go to the funeral I will wear red. I wore green at Mollie's funeral; I will wear red at her's."

Lena Schoch was not a party to the suit nor were the declarations made in the presence of any such party. These declarations were afterwards denied by Lena Schoch when called as a witness. It was clearly erroneous to admit them for the purpose of impeaching the witness without having first laid the ground for such impeachment. It seems, therefore, that the objection goes rather to the mode of proof than to its substance, and the plaintiffs in error were not prejudiced thereby.

We think the declarations were also admissible for the purpose of showing the state of mind of the speaker and as circumstantial evidence of her purpose and design in treating the testatrix during her last illness with apparent kindness and affection.

The plaintiffs in their petition allege that the testator was coerced into signing the will by the undue influence of Lena Schoch and others. Testimony was offered at the trial tending

to prove that Lena Schoch and her husband, Frank Schoch, had neglected and avoided the testatrix for a long time prior to her last sickness; that when she became seriously sick they became unusually attentive and caused her to be removed from her own house to that of the defendant, Frank Schoch, and at a time when the testatrix was not in a fit condition to be moved, and when there was no occasion therefor other than to have her near them and under the same roof. When considered in connection with this testimony the declarations tended to prove the ill-will of Lena Schoch toward the testatrix, and, circumstantially, that her affection for the testatrix was apparent and not real.

The same objection may be here made to the order of proof as the declarations were first offered. Aside from the question of admissability, the declarations themselves seem not to have been prejudicial. Although they were not made in the presence of the testatrix or otherwise communicated to her, she refused to take food or medicine from the hands of Lena Schoch until assured by the physician that they were harmless. She seems, therefore, to have possessed a mind clear enough to discern the acknowledged purpose of Lena Schoch, and a will strong enough to resist her influence. In any view of the case, therefore, although the court might properly have excluded the declarations at the time they were offered, their admission was not prejudicial error.

The objection to the testimony, on page 436 of the bill of exceptions, was addressed only to a preliminary question and answer and no objection was made at the trial to that which follows and is now complained of for the first time. It will therefore not avail the plaintiffs in error.

The only other ground of error is that the verdict is not sustained by sufficient evidence. After reading the voluminous bill of exceptions, we are not impressed with the great weight of the evidence urged by counsel for defendants in error, nor on the other hand, are we justified in holding that the verdict is manifestly against the weight of the evidence.

Judgment will, therefore, be affirmed.

*Keam & Keam*, for plaintiffs in error.

*Theodore Horstman*, contra.